IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEAN M. NELSON,

        Plaintiff,

     v.

FISKARS BRANDS, INC., d.b.a. Gerber
Legendary Blades,

        Defendant.

Case No. 3:14-cv-00685-SB

**OPINION AND
ORDER**

**BECKERMAN, Magistrate Judge.**

Jean Nelson ("Nelson") filed claims against her former employer, Fiskars Brands, Inc., doing

business as Gerber Legendary Blades ("Gerber"), for violation of the Family and Medical Leave Act,

violation of the Oregon Family Leave Act, and wrongful discharge. On September 13, 2015, the

district judge adopted this Court's Findings and Recommendation, and thus granted Gerber's motion

for summary judgment and denied Nelson's motion for partial summary judgment. Judgment was

entered on September 18, 2015, dismissing Nelson's claims with prejudice. Accordingly, Gerber is

the prevailing party. *See* Op. & Order at 1, *Thomas v. Mettie*, No. 14-554-SI (D. Or. Mar. 19, 2015), ECF No. 62 ("On February 17, 2015, the Court granted Defendants' motion for summary judgment and dismissed this action. Accordingly, Defendants are the prevailing party.") (internal citations omitted).

On October 5, 2015, Gerber submitted its bill of costs, seeking (1) $2,647.99 in costs incurred in taking the deposition of Nelson, Kirsten Alvares, Kari Bonham, and Dale Camp; and (2) $50 in costs incurred in storing discovery materials on a database maintained by counsel's law firm.[1] Nelson timely filed an objection. In her objection to Gerber's bill of costs, Nelson notes that she "was terminated for attendance by Defendant after being in a non-work related automobile accident," and argues that "[a]warding costs against a civil rights claimant under such circumstances would have a chilling effect on future civil rights claims because civil rights claimants would be deterred from bringing such claims out of fear of being exposed to bills of cost." (Pl.'s Mem. Supp. at 2.) Gerber also notes that she "filed her claims in good faith based upon recognized case law in other Circuits in a case that appears to be a case of first impression in this Circuit." (Pl.'s Mem. Supp. at 2.)

Federal Rule of Civil Procedure 54 (d) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). Generally, a district court need not provide any reasons for awarding costs to the prevailing party because the presumption

---

[1] Although the judgment was signed on September 18, 2015, it was not entered on the docket until September 22, 2015. The Local Rules provide that bills of cost must be filed "[n]ot later than 14 days after *entry* of judgment[.]" LR 54-1(a)(1) (emphasis added). Thus, Gerber's bill of costs was not due until October 6, 2015, and was timely submitted.

created by Rule 54(d) "provides all the reason a court needs[.]" *Save Our Valley v. Sound Transit*,

335 F.3d 932, 945 (9th Cir. 2003). However, a district court must "specify reasons" for refusing to

award costs. *Id.* The Ninth Circuit has approved the following reasons for refusing to award costs:

(1) the losing party's limited financial resources; (2) the chilling effect on future civil rights litigants

of imposing high costs; (3) misconduct on the part of the prevailing party; (4) the closeness and

difficulty of the issues in the case; (5) the merit of the plaintiff's case; and (6) the public importance

of the issues in the case. *Darensburg v. Metro. Transp. Comm'n*, No. 05-1597, 2009 WL 2392094,

at *2 (N.D. Cal. Aug. 4, 2009).

The Court concludes that the reasons advanced by Nelson are not sufficiently persuasive to

overcome the presumption under Rule 54(d) that costs should be awarded to Gerber. *See Save Our*

*Valley*, 335 F.3d at 946 (explaining that the court "need only conclude that the reasons advanced by

the party bearing the burden—the losing party—are not sufficiently persuasive to overcome the

presumption"). Although this Court is concerned that forcing a plaintiff to pay a substantial cost bill

might deter future litigants, here Gerber seeks a relatively modest award that is not large enough to

pose a risk of chilling future litigation. *See Darensburg*, 2009 WL 2392094, at *2 (collecting civil

rights cases where courts awarded costs ranging from $2,838.35 to $8,460.21 to the prevailing

defendant, and noting that "those cases involved relatively small awards that did not pose a risk of

chilling future litigation").

Furthermore, although Nelson's lawsuit stems from Gerber's termination of her employment,

Nelson has not claimed indigency, nor provided the Court with any information about her financial

resources. Thus, Nelson has failed to demonstrate that paying a $2,697.99 cost bill will pose a

financial hardship. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1248 (9th Cir. 2014)

(finding that $13,956 cost bill requested by employer defendant exceeded plaintiff's annual earnings); *Stanley v. Univ. of. S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999) (holding costs are properly denied when a plaintiff "would be rendered indigent should she be forced to pay").

Finally, Nelson's good faith in prosecuting this action does not defeat the presumption in favor of awarding costs to the prevailing party. The Ninth Circuit has explained that good faith does not justify the denial of a cost bill:

> All parties to a federal action have an obligation to act in good faith and with proper purpose. It follows that noble intentions alone do not relieve an unsuccessful litigant of the obligation under Rule 54(d) to compensate his opponent for reasonable costs. If the awarding of costs could be thwarted every time the unsuccessful party is a normal, average party and not a knave, Rule 54(d)(1) would have little substance remaining[.]

*Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995), *overruled on other grounds by Ass'n of Mexican-Am. Educators*, 231 F.3d at 593.

## CONCLUSION

For the reasons stated, the Court grants Gerber's bill of costs (ECF No. 44) in the amount of $2,697.99.

IT IS SO ORDERED.

Dated this 19th day of November, 2015.

STACIE F. BECKERMAN
United States Magistrate Judge